IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FORSYTH MEMORIAL HOSPITAL, INC.**, *et al.*, | ) ) ) |
| **Plaintiffs**, | ) ) |
| v. | ) ) Case No. 1:07-cv-01828-RBW |
| **MICHAEL O. LEAVITT**, as Secretary of Health and Humans Services, | ) ) ) ) |
| **Defendant.** | ) ) |

## ANSWER

Defendant Michael O. Leavitt, Secretary of the United States Department of Health and Human Services (the "Secretary"), through undersigned counsel, hereby answers the Complaint of Forsyth Memorial Hospital, Inc.; Medical Park Hospital, Inc.; and Foundation Health Systems Corporation ("Plaintiffs") as follows:

## FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

The Secretary answers the first unnumbered paragraph of the Complaint as follows: Admit the first sentence. The second sentence contains Plaintiffs' characterization of the Complaint, which speaks for itself.

The Secretary further answers the numbered paragraphs of the Complaint as follows:

1. Admit.

2. Admit.

3. Admit.

-2-

4. Admit the first two sentences. Deny the third sentence, except to admit that Foundation Health Systems Corp. is the successor-in-interest to Carolina Medicorp Enterprises.

5. Admit.

6. This paragraph contains Plaintiffs' characterization of the Complaint, which speaks for itself.

7. Admit.

8. Deny, except to admit that venue is proper under 42 U.S.C. § 1395oo(f)(1).

9. This paragraph contains conclusions of law and not averments of fact to which a response is required.

10. This paragraph contains conclusions of law and not averments of fact to which a response is required.

11. This paragraph contains conclusions of law and not averments of fact to which a response is required.

12. Admit.

13. This paragraph contains conclusions of law and not averments of fact to which a response is required.

14. This paragraph contains conclusions of law and not averments of fact to which a response is required.

15. This paragraph contains conclusions of law and not averments of fact to which a response is required.

16. This paragraph contains conclusions of law and not averments of fact to which a response is required.

-3-

17. This paragraph contains conclusions of law and not averments of fact to which a response is required.

18. This paragraph contains conclusions of law and not averments of fact to which a response is required.

19. This paragraph contains conclusions of law and not averments of fact to which a response is required.

20. This paragraph contains conclusions of law and not averments of fact to which a response is required.

21. This paragraph contains conclusions of law and not averments of fact to which a response is required.

22. This paragraph contains conclusions of law and not averments of fact to which a response is required.

23. This paragraph contains conclusions of law and not averments of fact to which a response is required.

24. This paragraph contains conclusions of law and not averments of fact to which a response is required.

25. Admit the first and second sentences. The third and fourth sentences contain conclusions of law and not averments of fact to which a response is required.

26. Admit.

27. This paragraph contains conclusions of law and not averments of fact to which a response is required.

-4-

28.     Deny the first sentence, except to admit that, on June 30, 1997, Carolina Medicorp, Inc. ("Carolina Medicorp"), merged into Presbyterian Health Systems Corporation ("Presbyterian").  Admit the second, third, fourth, and fifth sentences.

29.     Admit the first sentence.  The second and third sentences contain conclusions of law and not averments of fact to which a response is required.

30.     Deny.

31.     Admit.

32.     Deny.

33.     Deny the first and second sentences.  Deny the third sentence, except to admit that Presbyterian assumed Carolina Medicorp's liabilities in the amount of $230,631,000.  Admit the fourth sentence.  Deny the fifth sentence.

34.     Deny the first sentence, except to admit that, in competing their cost reports for the cost year ending June 30, 1997, each Carolina Medicorp Provider claimed reimbursement for Medicare's purported share of a loss related to Carolina Medicorp's depreciable assets that each provider alleged had been incurred as a result of the merger transaction.  Admit the second, third, and fourth sentences.

35.     Deny the first sentence, except to admit that the Intermediary disallowed the Carolina Medicorp Providers' loss claims.  Deny the second and third sentences.

36.     Admit the first sentence.  The second sentence contains Plaintiffs' characterization of the request for a hearing before the Provider Reimbursement Review Board ("PRRB"), which has been made a part of the Administrative Record in this case, and which

-5-

speaks for itself. The third sentence contains conclusions of law and not averments of fact to which a response is required.

37. The first, second, and fourth sentences contain Plaintiffs' characterization of Program Memorandum A-00-76, which has been made a part of the Administrative Record in this case, and which speaks for itself. Deny the third, fifth, and sixth sentences.

38. Admit the first and second sentences. The third, fourth, fifth, and sixth sentences contain Plaintiffs' characterization of the decision of the PRRB, which has been made a part of the Administrative Record in this case, and which speaks for itself.

39. This paragraph contains Plaintiffs' characterization of the July 2, 2007 letter of the CMS Office of the Attorney Advisor, which has been made a part of the Administrative Record in this case, and which speaks for itself.

40. This paragraph contains Plaintiffs' characterization of the July 17, 2007 letter submitted by the Carolina Medicorp Providers, which has been made a part of the Administrative Record in this case, and which speaks for itself.

41. Admit the first sentence. Deny the second sentence, except to admit that a copy of the decision of the CMS Administrator is attached to the Complaint as Attachment B. The third, fourth, and fifth sentences contain Plaintiffs' characterization of the decision of the CMS Administrator, which has been made a part of the Administrative Record in this case, and which speaks for itself.

42. This paragraph contains Plaintiffs' characterization of the decision of the CMS Administrator, which has been made a part of the Administrative Record in this case, and which speaks for itself.

-6-

43.     This paragraph contains Plaintiffs' characterization of the decision of the CMS Administrator, which has been made a part of the Administrative Record in this case, and which speaks for itself.

44.     The Secretary lacks sufficient information to admit or deny the allegations of the first sentence, except to admit that the CMS Administrator's decision constitutes the final administrative decision of the Secretary with respect to the Carolina Medicorp Providers' claims for reimbursement for their purported losses arising from the merger transaction.  The second sentence contains conclusions of law and not averments of fact to which a response is required.

45.     Admit.

46.     The Secretary hereby incorporates by reference his responses to paragraphs 1 through 45 of the Complaint as if fully set forth herein.

47.     This paragraph contains conclusions of law and not averments of fact to which a response is required.  To the extent that a response is deemed to be required, deny.

48.     The Secretary hereby incorporates by reference his responses to paragraphs 1 through 47 of the Complaint as if fully set forth herein.

49.     This paragraph contains conclusions of law and not averments of fact to which a response is required.  To the extent that a response is deemed to be required, deny.

50.     The Secretary hereby incorporates by reference his responses to paragraphs 1 through 49 of the Complaint as if fully set forth herein.

51.     This paragraph contains conclusions of law and not averments of fact to which a response is required.  To the extent that a response is deemed to be required, deny.

-7-

52. The Secretary hereby incorporates by reference his responses to paragraphs 1 through 51 of the Complaint as if fully set forth herein.

53. This paragraph contains conclusions of law and not averments of fact to which a response is required. To the extent that a response is deemed to be required, deny.

54. The Secretary hereby incorporates by reference his responses to paragraphs 1 through 53 of the Complaint as if fully set forth herein.

55. This paragraph contains conclusions of law and not averments of fact to which a response is required. To the extent that a response is deemed to be required, deny.

56. The Secretary hereby incorporates by reference his responses to paragraphs 1 through 55 of the Complaint as if fully set forth herein.

57. This paragraph contains conclusions of law and not averments of fact to which a response is required. To the extent that a response is deemed to be required, deny.

58. The Secretary hereby incorporates by reference his responses to paragraphs 1 through 57 of the Complaint as if fully set forth herein.

59. This paragraph contains conclusions of law and not averments of fact to which a response is required. To the extent that a response is deemed to be required, deny.

60. The Secretary hereby incorporates by reference his responses to paragraphs 1 through 59 of the Complaint as if fully set forth herein.

61. This paragraph contains conclusions of law and not averments of fact to which a response is required. To the extent that a response is deemed to be required, deny.

62. The Secretary hereby incorporates by reference his responses to paragraphs 1 through 61 of the Complaint as if fully set forth herein.

-8-

63. This paragraph contains conclusions of law and not averments of fact to which a response is required. To the extent that a response is deemed to be required, deny.

64. The Secretary hereby incorporates by reference his responses to paragraphs 1 through 63 of the Complaint as if fully set forth herein.

65. This paragraph contains conclusions of law and not averments of fact to which a response is required. To the extent that a response is deemed to be required, deny.

66. The Secretary hereby incorporates by reference his responses to paragraphs 1 through 65 of the Complaint as if fully set forth herein.

67. This paragraph contains conclusions of law and not averments of fact to which a response is required. To the extent that a response is deemed to be required, deny.

68. The Secretary hereby incorporates by reference his responses to paragraphs 1 through 67 of the Complaint as if fully set forth herein.

69. This paragraph contains conclusions of law and not averments of fact to which a response is required. To the extent that a response is deemed to be required, deny.

70. The Secretary hereby incorporates by reference his responses to paragraphs 1 through 69 of the Complaint as if fully set forth herein.

71. This paragraph contains conclusions of law and not averments of fact to which a response is required. To the extent that a response is deemed to be required, deny.

72. The Secretary hereby incorporates by reference his responses to paragraphs 1 through 71 of the Complaint as if fully set forth herein.

73. This paragraph contains conclusions of law and not averments of fact to which a response is required. To the extent that a response is deemed to be required, deny.

-9-

The Secretary specifically denies all allegations in Plaintiffs' Complaint not otherwise answered herein. In addition, the Secretary denies that Plaintiffs are entitled to the relief requested in the prayer for relief, or to any relief whatsoever.

WHEREFORE, the Secretary requests that Plaintiffs' prayer for relief be denied, that this action be dismissed, and that the Secretary be awarded his costs and such other relief as may be appropriate.

Dated: January 11, 2008                    Respectfully submitted,

Of Counsel:                                JEFFREY S. BUCHOLTZ
                                           Acting Assistant Attorney General

DANIEL MERON
General Counsel                            JEFFREY A. TAYLOR
                                           United States Attorney

JANICE HOFFMAN
Acting Associate General Counsel
                                              /s/ Joel McElvain
MARK D. POLSTON.                           SHEILA M. LIEBER, Deputy Director
Deputy Associate General                   JOEL McELVAIN, Attorney, D.C. Bar # 448431
   Counsel for Litigation                  United States Department of Justice
                                           Civil Division, Federal Programs Branch
DAVID HOSKINS                              20 Massachusetts Ave., NW, Room 7130
Attorney                                   Washington, D.C. 20001
Office of the General Counsel              Telephone:   (202) 514-2988
U.S. Department of Health                  Fax:         (202) 616-8202
   and Human Services                      Email:       Joel.L.McElvain@usdoj.gov

*Attorneys for Defendant*